WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carl V. Nablo | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 05-1262 PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Desert Plastics, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter arises out of a diversity action brought in this
Court by Plaintiff Carl Nablo based on the alleged breach of an
employment contract. Compl. (doc. # 1); Am. Compl. (doc. # 7).
Currently pending before the Court are Defendants' motion to
dismiss Plaintiff's first amended complaint and motion for
attorneys' fees pursuant to section 12-341.01(A) of the Arizona
Revised Statutes. Mot. (doc. # 10). Plaintiff filed a response in
opposition to Defendants' motions on June 29, 2005 (doc. # 11), and
Defendants filed a reply on July 11, 2005 (doc. # 12). The Court
finds the matter suitable for decision without oral argument. See
LRCiv 7.2(f) and 12.1(a). Having carefully considered the

1 arguments raised by the parties' briefs, the Court now rules.

2 **I.   BACKGROUND**

3     **A. Procedural History**

4     On April 27, 2005, Plaintiff filed a complaint in this Court,

5 seeking damages in contract and purporting to base jurisdiction on

6 diversity of citizenship pursuant to 28 U.S.C. § 1332.  Compl.

7 (doc. #1) ¶¶ 1-3, 20-34.  On May 31, 2005, the defendants named in

8 that complaint-- Desert Plastics, LLC ("Desert Plastics"), Westcap

9 Partners, Inc. ("Westcap"), Peter Barnhart, Len Lillard, and Rudco,

10 Inc. ("Rudco")-- filed a motion to dismiss (doc. # 5) arguing,

11 inter alia, that diversity jurisdiction was improper on account of

12 the citizenship of Barnhart, Lillard, and Rudco.

13     Thereafter, Plaintiff filed a response (doc. # 8) accompanied

14 by an amended complaint (doc. # 7), which attempted to cure the

15 jurisdictional shortcomings of the original complaint by dropping

16 all defendants except Desert Plastics and Westcap (collectively

17 "Defendants").  Plaintiff should have realized that, having waited

18 until after Defendants had responded to his complaint with their

19 first motion to dismiss, he could no longer amend his complaint

20 without first obtaining leave from this Court or written consent

21 from Defendants.  See Fed. R. Civ. P. 15(a).  Plaintiff did

22 neither.  Moreover, Plaintiff failed to submit his amended

23 complaint in the proper form required by Local Rule of Civil

24 Procedure 15.1.  Nevertheless, because Defendants subsequently

25 moved to dismiss the amended complaint on its merits, see Mot.

26 (doc. # 10), the Court will proceed on the basis that Defendants

27 have waived any objection on these procedural grounds.  Inasmuch as

28 the original complaint (doc. # 1) has been amended, Defendants'

1    original motion (doc. # 5) is thus denied and dismissed as moot.

2        **B. Factual History**

3        The operative facts necessary for the resolution of the

4    pending motions are relatively brief.  On or about November 24,

5    2003, Plaintiff entered into a written employment contract with

6    Desert Plastics, accepting the position of Chief Operating Officer.

7    Am. Compl. (doc. # 7) ¶ 11.  On or about April 4, 2005, Plaintiff

8    was apparently terminated without cause, and Defendants have since

9    failed to honor the written terms of the contract with respect to

10   salary, bonus, vacation, and severance payments.  Id. ¶¶ 25, 32.

11   During this time, Plaintiff was a United States citizen "residing

12   in Maricopa County, State of Arizona."  Id. ¶ 2.  Although

13   Plaintiff contends that Desert Plastics and Westcap should not be

14   deemed Arizona citizens for purposes of diversity, Defendants have

15   presented unrefuted evidence demonstrating that both entities had

16   principal places of business in Arizona at the time this action was

17   commenced.  See Mot. (doc. # 10), Ex. A ("Lillard Decl.") ¶¶ 6-7.

18   **II.    STANDARD OF REVIEW**

19       Unlike a Rule 12(b)(6) motion to dismiss for failure to state

20   a claim, a Rule 12(b)(1) motion to dismiss for lack of subject

21   matter jurisdiction does not require a presumption of truthfulness

22   as to the allegations of the complaint.  "Where the jurisdictional

23   issue is separable from the merits of the case, the judge may

24   consider the evidence presented with respect to the jurisdictional

25   issue and rule on that issue, resolving factual disputes if

26   necessary."  Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp., 594

27   F.2d 730, 733 (9th Cir. 1979).

28   . . .

III. DISCUSSION

   A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

   Defendants argue that the amended complaint should be dismissed in its entirety because Plaintiff, by failing to allege his own citizenship, has not sufficiently pleaded the basis for invoking diversity jurisdiction.  Mot. (doc. # 10) at 3-4.  For the reasons explained below, the Court agrees.

   Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal of a claim if the court in which the claim is filed would lack jurisdiction over the subject matter.  The subject matter jurisdiction of the federal district courts is defined by Congress.  U.S. Const. art. III, § 1; Livingston v. Story, 34 U.S. (9 Pet.) 632, 656 (1835).  Although a claim for relief must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends," see Fed. R. Civ. P. 8(a)(1), the Ninth Circuit has held that, where the statements in the complaint are sufficient for the district court to recognize that it has jurisdiction, the particular congressional statute conferring jurisdiction need not be specifically pleaded.  Aguirre v. Auto. Teamsters, 633 F.2d 168, 174 (9th Cir. 1980).

   The diversity jurisdiction of the federal courts exists in all civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  A party seeking to invoke diversity jurisdiction need only allege-- not prove-- the actual citizenship of the relevant parties such that the district court may determine whether there exists complete diversity.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Shaw v. Quincy Mining Co., 145 U.S. 444, 447 (1892).

1    In <u>Kanter</u>, the Ninth Circuit explained the simple allegations

2    needed to establish a natural person's state of citizenship:

3    > To be a citizen of a state, a natural person must first
>    be a citizen of the United States. . . . .  The natural
4    > person's state citizenship is then determined by her
>    state of domicile, not her state of residence.  A
5    > person's domicile is her permanent home, where she
>    resides with the intention to remain or to which she
6    > intends to return. . . . .  A person residing in a given
>    state is not necessarily domiciled there, and thus is not
7    > necessarily a citizen of that state.

8    <u>Kanter</u>, 265 F.3d at 857 (citations omitted).  The distinction

9    between domicile and residence is an uncontroversial principle to

10   which the Supreme Court has spoken long ago:

11   > . . . [A]n averment that a party resided within the State
>    or the district in which the suit was brought was not
12   > sufficient to support the jurisdiction, because in the
>    common use of words a resident might not be a citizen,
13   > and therefore it was not stated expressly and beyond
>    ambiguity that he was a citizen of the State, which was
14   > the fact on which the jurisdiction depended under the
>    provisions of the Constitution and of the Judiciary Act.

15

16   <u>Shaw</u>, 145 U.S. at 447 (1892).

17        In the case at hand, it is apparent from the face of the

18   amended complaint that Plaintiff seeks to invoke the diversity

19   jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1).[1]

20   <u>See</u> Am. Compl. (doc. # 7) ¶¶ 1-5, 9, 32.  However, the Court need

21   not look beyond the second paragraph of the amended complaint to

22   see the deficiency of the jurisdictional allegations.  As to his

23   own citizenship, Plaintiff avers that he "was <u>at all times</u>

24

25        [1] Plaintiff's amended complaint mysteriously invokes section 12-
26   401(1) of the Arizona Revised Statutes as an additional basis for
     either jurisdiction or venue.  <u>See</u> Am. Compl. (doc. # 7) ¶ 9.
27   Although the Court would apply state substantive law in a diversity
     action, federal procedural law still governs.  <u>Erie R.R. v. Tompkins</u>,
28   304 U.S. 64, 78-79 (1938).

mentioned herein [in the amended complaint], a citizen of the
United States and residing in Maricopa County, State of Arizona."
Am. Compl. (doc. # 7) ¶ 2 (emphasis added).  This allegation is
defective for two reasons.

First, the amended complaint appears to speak to the
citizenship of the parties at the time the underlying events took
place, not at the time the action was commenced.  It is well
settled that allegations invoking diversity jurisdiction must show
that complete diversity existed at the time the action was filed,
not at the time the cause of action accrued.  Freeport-McMoRan,
Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); see also Smith
v. Sperling, 354 U.S. 91, 93, n. 1 (1957) (federal jurisdiction
depends on facts in existence at the time the complaint is filed).

Second, the amended complaint merely alleges Plaintiff's state
of residence and not his state of domicile, repeating the error of
the original complaint.  Despite ample opportunity to do so,
Plaintiff has consistently refused to cure this problem.  Plaintiff
was first alerted to this defect by Defendants' first motion to
dismiss.  See Mot. (doc. # 5) at 4:15-17.  In response, Plaintiff
took the liberty to amend his complaint without seeking leave of
the Court, see Fed. R. Civ. P. 15(a), yet failed again to plead his
state of domicile.  Reminded once again to do so by Defendants'
second motion to dismiss, see Mot. (doc. # 10) at 3-4, Plaintiff
still offered no cure with his responsive brief.[2]  Instead, he

---

[2]  Plaintiff could have supplied affidavits to show his state of
citizenship with his responsive brief.  See Robertson v. Cease, 97
U.S. 646, 648 (1878) (where federal jurisdiction depends on the
parties' citizenship, the essential facts must appear somewhere in
the record and need not necessarily be averred in the pleadings).

defended the deficient allegation with this inscrutable argument: "Plaintiff is unclear of how he can be a 'citizen' of Arizona." Resp. (doc. # 11) at 2.  If this is indeed the case, it is even more unclear why he has come before this Court attempting to invoke jurisdiction under 28 U.S.C. § 1332.  In the absence of an affirmative allegation of Plaintiff's state of domicile, the Court cannot simply assume his state of citizenship.  Because the record is devoid of facts supporting diversity jurisdiction, this case must be dismissed.

The Court is mindful that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  However, the allowance or refusal of amendments under section 1653 is within the discretion of the courts, and the Supreme Court has cautioned that such amendments are only warranted to cure defects of jurisdictional <u>allegations</u> and not jurisdictional <u>facts</u>.  See <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 830-31 (1989); <u>see also</u> <u>Snell v. Cleveland, Inc.</u>, 316 F.3d 822, 828 (9th Cir. 2002) ("The primary purpose of section 1653 is to permit correction of incorrect statements about extant jurisdiction.").  The Ninth Circuit has suggested that courts need not permit section 1653 amendments where "it is clear, upon de novo review, that the complaint could not be saved by amendment."  <u>Snell</u>, 316 F.3d at 828 (citing <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 692 (9th Cir. 2001)); <u>see also</u> <u>Holman v. Carpenter Tech. Corp.</u>, 484 F. Supp. 406, 409 (E.D. Pa. 1980)

---

Instead, Plaintiff attached exhibits addressing only Defendants' state of citizenship.  <u>See</u> Resp. (doc. # 11), Ex. 1-2.

1  (denying plaintiff leave to amend complaint where plaintiff had
2  failed to rebut defendant's contest of diversity jurisdiction,
3  because section 1653 does not require "futile gestures").

4       Upon careful consideration of the record, the Court finds that
5  this case is properly dismissed without leave to amend.  Under the
6  Ninth Circuit's standard from Lee and Snell, it is clear that an
7  amendment here cannot save the complaint.  Such an amendment would
8  only show that Plaintiff and Defendants were all citizens of
9  Arizona, thereby destroying diversity.  Although claiming ignorance
10 of the meaning of state citizenship embodied by the diversity
11 statute, Plaintiff apparently contends that he has sufficiently
12 pleaded that he is a citizen of Arizona.  See Resp. (doc. # 11) at
13 2.  Assuming Plaintiff's truthfulness in this argument, the Court
14 must conclude that, if granted leave to amend yet again, Plaintiff
15 would allege that he was domiciled in, and therefore a citizen of,
16 Arizona.  However, at the time this action commenced Desert
17 Plastics and Westcap-- the sole remaining defendants in this
18 action-- held their principal places of business in Arizona, and
19 were therefore also Arizona citizens.  See Lillard Aff. ¶¶ 6-7; 28
20 U.S.C. § 1332(c)(1).  Plaintiff's unsworn exhibits attached to his
21 responsive brief tend to corroborate, rather than upset, this
22 claim.  Resp. (doc. # 11), Ex. 1-2 (indicating the physical
23 presence of both defendants in Arizona).  Because Plaintiff and
24 Defendants would all be citizens of the same state, there would be
25 no basis for diversity jurisdiction.  Under these circumstances,
26 allowing a section 1653 amendment would be a futile gesture
27 prejudicial to Defendants.
28      Moreover, the Court takes notice of the troubling fact that

Plaintiff's original complaint actually differentiated between "domicile" and "residence."  See Compl. (doc. # 1) ¶¶ 2-3 (properly describing the citizenship of defendants based on their state of domicile).  For all that appears, Plaintiff may have been aware of the domicile requirement of state citizenship and, for reasons unknown to the Court, has deliberately avoided pleading to it with respect to his own citizenship throughout the pendency of the case.

For all of the foregoing reasons, this action must be dismissed without leave to amend and without prejudice to the right of Plaintiff making a claim for relief in an appropriate court.

**B. Motion for Attorneys' Fees**

Defendants have moved for attorneys' fees pursuant to section 12-341.01(A) of the Arizona Revised Statutes.  Mot. (doc. # 10) at 1-2, 6.  Although under Arizona law litigants generally bear responsibility for their attorneys' fees, U.S. Fid. & Guar. Co. v. Frohmiller, 71 Ariz. 377, 227 P.2d 1007 (1951), section 12-341.01 provides for the recovery of reasonable attorneys' fees by the successful party "[i]n any contested action arising out of a contract."  Ariz. Rev. Stat. § 12-341.01(A) (West 2003).  Moreover, adjudication on the merits is not required for a "successful party" to recover its fees.  See Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370, 710 P.2d 1025, 1046-49 (1985).

The Arizona Supreme Court has provided six factors for consideration in determining whether attorneys' fees should be awarded under section 12-341.01: (1) the merits of the unsuccessful party's claim; (2) whether the litigation could have been avoided; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed

1   with respect to all of the relief it sought; (5) the novelty of the

2   legal question presented; and (6) whether the award in any

3   particular case would discourage other parties from litigating

4   tenable claims for fear of incurring liability for substantial

5   amounts of attorneys' fees.  Associated Indem. Corp. v. Warner, 143

6   Ariz. 567, 694 P.2d 1181, 1184 (1985).

7        As to the first of the Warner factors, it is premature for the

8   Court to make any judgment as to the merits of the underlying

9   claims, particularly as there has been no discovery to date.

10  Therefore, this factor does not favor or disfavor an award of fees.

11       Second, much of the litigation in this Court could certainly

12  have been avoided.  Plaintiff should have realized that, absent

13  complete diversity of citizenship, his case was never properly

14  before this Court.  Indeed, Plaintiff's original complaint

15  indicates some awareness of the significance of pleading "domicile"

16  as opposed to "residence" in establishing the basis for diversity

17  jurisdiction.  See Compl. (doc. # 1) ¶¶ 2-3.  This strongly

18  suggests that Plaintiff had some knowledge from the outset of this

19  action that complete diversity may have been lacking.  Furthermore,

20  Plaintiff's professed ignorance as to the concept of state

21  citizenship contemplated by 28 U.S.C. § 1332, see Resp. (doc. # 11)

22  at 2, rather than excuse his misguided efforts to invoke

23  jurisdiction under that section, renders his conduct more

24  condemnable.  By proceeding on the basis of legal arguments that he

25  later admitted not to understand, Plaintiff's conduct was

26  prejudicial to Defendants.  The evidence overwhelmingly suggests

27  that the litigation in this Court could easily have been avoided by

28  Plaintiff.  Therefore, the second factor weighs heavily in favor of

1  awarding fees.

2      Third, Plaintiff has not claimed that an assessment of fees

3  would cause him extreme hardship.  Indeed, as a former executive

4  who was at one time paid an annual salary of $195,000, Am. Compl.

5  (doc. # 7) ¶ 19, a claim of financial hardship would be untenable.

6      Furthermore, the fact that Defendants succeeded in dismissing

7  the entire action on an easily perceived lack of subject matter

8  jurisdiction strongly favors an award of fees on the basis of the

9  fourth and fifth _Warner_ factors.  Not only did Defendants succeed

10 on all counts, but the legal arguments involved were hardly novel.

11 It has been well settled for decades that a party's state of

12 citizenship for diversity purposes is determined based on the state

13 of domicile, not residence.  _See_ _Shaw_, 145 U.S. at 447 (1892).

14 Thus, the fourth and fifth factors both favor an award of fees.

15     Finally, the Court does not find that an award of fees in this

16 particular case would discourage other parties from pursuing

17 tenable claims for breach of contract for fear of incurring

18 liability for fees.  While most parties would simply pursue such

19 claims in state court, the Court would expect that those who choose

20 to come before the federal courts would have at least some

21 understanding of diversity jurisdiction better than that exhibited

22 by Plaintiff in this case.

23     Plaintiff's only rebuttal is that an award of fees is not

24 warranted as to the former defendants, claiming that they were

25 voluntarily dismissed.  Resp. (doc. # 11) at 2, 5.  This hollow

26 assertion belies the fact that Plaintiff's so-called "voluntary

27 dismissal" did not occur until after Defendants' first motion to

28 dismiss (doc. # 5) had alerted him to the jurisdictional problem of

1  naming those non-diverse parties as defendants.  More importantly,

2  Plaintiff fails to point to any reason why fees should not be

3  awarded now that the action is dismissed as to all Defendants.

4       On balance, the six <u>Warner</u> factors favor an award of fees in

5  this case, and therefore Defendants' motion for attorneys' fees

6  will be granted.  Defendants shall have thirty (30) days from the

7  date of entry of this Order within which to serve and file a

8  renewed motion specifying the amount of attorneys' fees sought

9  along with a supporting memorandum of law.  Plaintiff shall then

10 have fifteen (15) days within which to serve and file a responsive

11 memorandum, after which Defendants shall have ten (10) days to

12 serve and file a reply memorandum.

13 **IV.   CONCLUSION**

14      In light of the foregoing analysis,

15      IT IS ORDERED that Defendants' Motion to Dismiss Amended

16 Complaint (doc. # 10) is GRANTED.  Plaintiff's case is dismissed

17 without leave to amend and without prejudice to the right of

18 Plaintiff making a claim for relief in an appropriate court.

19      IT IS FURTHER ORDERED that Defendants' Motion for attorneys'

20 fees pursuant to section 12-341.01(A) of the Arizona Revised

21 Statutes (doc. # 10) is GRANTED.  Defendants shall have thirty (30)

22 days from the date of entry of this Order within which to serve and

23 file a renewed motion specifying the amount of attorneys' fees

24 sought along with a supporting memorandum of law.  Plaintiff shall

25 then have fifteen (15) days within which to serve and file a

26 responsive memorandum, after which Defendants shall have ten (10)

27 days to serve and file a reply memorandum.

28      IT IS FURTHER ORDERED that Defendants' first motion to dismiss

1   (doc. # 5) is DENIED and dismissed as moot.

2       IT IS FINALLY ORDERED directing the Clerk of the Court to

3   enter judgment in favor of Defendants.

4       DATED this 6th day of February, 2006.

5

6

7

8   _____
    Robert C. Broomfield

9       Senior United States District Judge

10  Copies to counsel of record

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28